## No. 1031

### LAMOS v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6435. Decided May 17, 1926

**1066. SCINTILLA RULE—When there is a scintilla of evidence to support the allegations of a petition, the trial court cannot direct a verdict but may, if the jury should bring in a verdict in favor of a plaintiff, set it aside on the ground that it is manifestly against weight of evidence.**

PER CURIAM.

The gist of this action is a suit for personal injuries alleged to have been sustained by Anna Lamos resulting from a violent movement and jerk of the street car in which she was a passenger. The case was tried by jury in the Cuyahoga Common Pleas and a verdict was directed in favor of the defendant Cleveland Ry. Co., upon the settled rule of law in such cases that ordinary jerks and jolts necessitated by stopping and starting of a street car in taking on and discharging passengers are among the usual incidents of travel upon electric cars to which every passenger is subjected and injury resulting therefrom will not warrant recovery. Therefore for one to recover on such grounds the jerk, or jolt must be unusual in its character.

After the directed verdict a motion for a new trial was filed and overruled and error was prosecuted to the Court of Appeals which held:

1. From the record it seems that Lamos arose from her seat at the wrong stop and was standing talking to the conductor about her stop when the car stopped suddenly and without warning, threw her backwards and onto the floor of the car and she repeatedly, in her testimony, reiterated the statement that the car stopped suddenly, violently and without warning.

2. A motion to direct a verdict is in the nature of a demurrer to the evidence and in order to justify the court in granting such motion Lamos' testimony, under the most favorable interpretation, must fail to establish the allegations of her petition.

3. The court should have submitted the case to the jury under the scintilla rule as there was some evidence sufficient to support the intentions of plaintiff's petition.

4. The court, upon a verdict in favor of the plaintiff, may set aside such verdict upon the gorun dthat same was manifestly against the weight of the evidence; and still not be justified in arresting the case from the jury in the first instance.

5. In a case where the evidence preponderates in favor of the defendant, but where evidence was offered to substantiate the claim of the plaintiff, the court must submit same to the jury.

Judgment reversed and cause remanded.

(Levine, PJ., & Vickery, J., concur; Sullivan, J., dissents.)

Attorneys—Edward Davidson for Lamos; Squire, Sanders & Dempsey for Company; all of Cleveland.